# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**UNITED STATES OF AMERICA**

v.

**JUAN TEJEDA**

Case Number: 2:22-cr-36-SPC-NPM

USM Number: 07102-510

Zachary Cantor, Retained
7370 College Parkway, Suite 308
Fort Myers, FL 33907

## JUDGMENT IN A CRIMINAL CASE

Defendant was found guilty of Counts One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty, Twenty-One, Twenty-Two, Twenty-Three, Twenty-Four, Twenty-Five, Twenty-Six, Twenty-Seven, Twenty-Eight, Twenty-Nine, Thirty, Thirty-One, Thirty-Two, Thirty-Three, Thirty-Four, Thirty-Five, Thirty-Six, Thirty-Seven, Thirty-Eight, Thirty-Nine, Forty, Forty-One, Forty-Two, Forty-Three, and Forty-Four of the Superseding Indictment. Defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 1349 and 1343 | Conspiracy to Commit Wire Fraud | August 15, 2018 | One |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud | November 10, 2017 | Two - Three |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud | November 14, 2017 | Four - Five |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud | November 15, 20177 | Six - Seven |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud | December 1, 2017 | Eight - Nine |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud | December 2, 2017 | Ten |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud | December 3, 2017 | Eleven - Twelve |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud | December 4, 2017 | Thirteen - Fourteen |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud | December 11, 2017 | Fifteen |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud | January 31, 2018 | Sixteen |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud | February 15, 2018 | Seventeen - Eighteen |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud | April 14, 2018 | Nineteen - Twenty |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud | July 18, 2018 | Twenty-One – Twenty-Two |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud | July 27, 2018 | Twenty-Three – Twenty-Four |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud | August 9, 2018 | Twenty-Five – Twenty-Seven |
| 18 U.S.C. §§ 1343 and 2 | Wire Fraud | August 14, 2018 | Twenty-Eight – Thirty |
| 18 U.S.C. §§ 1028A(a)(1) and 2 | Aggravated Identity Theft | November 10, 2017 | Thirty-One |

**Juan Tejeda**
**2:22-cr-36-SPC-NPM**

| 18 U.S.C. §§ 1028A(a)(1) and 2 | Aggravated Identity Theft | November 14, 2017 | Thirty-Two |
| 18 U.S.C. §§ 1028A(a)(1) and 2 | Aggravated Identity Theft | December 1, 2017 | Thirty-Three |
| 18 U.S.C. §§ 1028A(a)(1) and 2 | Aggravated Identity Theft | December 3, 2017 | Thirty-Four |
| 18 U.S.C. §§ 1028A(a)(1) and 2 | Aggravated Identity Theft | December 4, 2017 | Thirty-Five |
| 18 U.S.C. §§ 1028A(a)(1) and 2 | Aggravated Identity Theft | February 15, 2018 | Thirty-Six |
| 18 U.S.C. §§ 1028A(a)(1) and 2 | Aggravated Identity Theft | April 14, 2018 | Thirty-Seven |
| 18 U.S.C. §§ 1028A(a)(1) and 2 | Aggravated Identity Theft | July 18, 2018 | Thirty-Eight |
| 18 U.S.C. §§ 1028A(a)(1) and 2 | Aggravated Identity Theft | July 27, 2018 | Thirty-Nine |
| 18 U.S.C. §§ 1028A(a)(1) and 2 | Aggravated Identity Theft | August 8, 2018 | Forty |
| 18 U.S.C. §§ 1028A(a)(1) and 2 | Aggravated Identity Theft | August 14, 2018 | Forty-One |
| 18 U.S.C. § 1956(h) | Conspiracy to Commit Money Laundering | August 15, 2018 | Forty-Two |
| 18 U.S.C. §§§ 1029(a)(1), 1029(c)(1) and 2 | Production of Counterfeit Access Devices | August 14, 2018 | Forty-Three |
| 18 U.S.C. §§§ 1029(a)(4), 1029(c)(2) and 2 | Possession of Device-Making Equipment | August 15, 2018 | Forty-Four |

Defendant is sentenced as provided in pages 2 through 8 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Judgment:

September 6, 2023

*[Signature: Sheri Polster Chappell]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

September 11, 2023

»

**Juan Tejeda**
**2:22-cr-36-SPC-NPM**

# IMPRISONMENT

Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **180-MONTHS. Such term consists of 156 months as to Counts 1-30, Count 42 and Count 44, and 120 months as to Count 43, such terms to run concurrently, and 24 months as to Counts 31-41, such terms shall run concurrently to each other and consecutive to all other counts (Counts 1-30, 42, 44, and Count 43).**

**The Court makes the following recommendation to the Bureau of Prisons:**

- **Incarceration in a facility close to home (Florida or as close to Florida as possible).**

**Defendant requests placement at same facility as father and co-defendant, Carlos Tejeda (2:22-cr-36-SPC-NPM-1).**

Defendant is remanded to the custody of the United States Marshal.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

**Juan Tejeda**
**2:22-cr-36-SPC-NPM**

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of **3-YEARS.  Such term consists of 3 years as to Counts 1-30 and Counts 42-44, and 1 year as to Counts 31-41, all such terms shall run concurrently to each other.**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4. Defendant must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.
5. Defendant shall cooperate in the collection of DNA, as directed by the probation officer.

The defendant shall comply with the standard conditions that have been adopted by this court as well as any other conditions on the attached page.

**Juan Tejeda**
**2:22-cr-36-SPC-NPM**

# STANDARD CONDITIONS OF SUPERVISION

As part of Defendant's supervised release, Defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for Defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in Defendant's conduct and condition.

1. Defendant must report to the probation office in the federal judicial district where Defendant is authorized to reside within 72 hours of Defendant's release from imprisonment, unless the probation officer instructs Defendant to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, Defendant will receive instructions from the court or the probation officer about how and when Defendant must report to the probation officer, and Defendant must report to the probation officer as instructed.
3. Defendant must not knowingly leave the federal judicial district where Defendant is authorized to reside without first getting permission from the court or the probation officer.
4. Defendant must answer truthfully the questions asked by Defendant's probation officer
5. Defendant must live at a place approved by the probation officer. If Defendant plans to change where Defendant lives or anything about Defendant's living arrangements (such as the people Defendant lives with), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. Defendant must allow the probation officer to visit Defendant at any time at Defendant's home or elsewhere, and Defendant must permit the probation officer to take any items prohibited by the conditions of Defendant's supervision that the probation officer observes in plain view.
7. Defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses Defendant from doing so. If Defendant does not have full-time employment Defendant must try to find full-time employment, unless the probation officer excuses Defendant from doing so. If Defendant plans to change where Defendant works or anything about Defendant's work (such as Defendant's position or Defendant's job responsibilities), Defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. Defendant must not communicate or interact with anyone Defendant knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If Defendant is arrested or questioned by a law enforcement officer, Defendant must notify the probation officer within 72 hours.
10. Defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. Defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that Defendant poses a risk to another person (including an organization), the probation officer may require Defendant to notify the person about the risk and Defendant must comply with that instruction. The probation officer may contact the person and confirm that Defendant has notified the person about the risk.
13. Defendant must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____    Date:_____

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Juan Tejeda**
**2:22-cr-36-SPC-NPM**

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. Defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer.

2. Defendant shall provide the probation officer access to any requested financial information.

3. Defendant shall submit to a search of Defendant's person, residence, place of business, any storage units under Defendant's control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release.  Failure to submit to a search may be grounds for revocation.  Defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition.

4. Defendant shall refrain from employment where defendant has access to customers' personal information or point of sale terminals.

5. Defendant shall submit to random drug testing not to exceed 104 tests per year.

Juan Tejeda
2:22-cr-36-SPC-NPM

## CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

|  | Assessment | AVAA Assessment[1] | JVTA Assessment[2] | Fine | Restitution |
|---|---|---|---|---|---|
| **TOTALS** | $4,400.00 | $0.00 | $0.00 | WAIVED | $51,304.00 |

Defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If Defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Restitution Ordered |
|---|---|
| Centerstate Bank | $2,870.00 |
| 5/3 Bank | $10,535 |
| Bank OZK | $3,900.00 |
| Regions Bank | $11,325.00 |
| Barclays | $7,045.00 |
| Wells Fargo | $2,900.00 |
| Suncoast Credit Union | $3,573.00 |
| Boeing Employees Credit Union | $2,250.00 |
| Comenity Bank | $2,806.00 |
| American First Credit Union | $4,100.00 |

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

### Joint and Several

Restitution shall be paid jointly and severally:

---

[1] Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
[2] Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

**Juan Tejeda**
**2:22-cr-36-SPC-NPM**

Case Number: 2:22-cr-36-SPC-NPM-3 and 2:22-cr-36-SPC-NPM-2
Defendant and Co-Defendant Names: Pedro Pelaez and Carlos Tejeda
*(including defendant number)*

| Total Amount | Joint and Several Amount with co-defendant, Pedro Peleaz | Joint and Several Amount with co-defendant, Carlos Tejeda |
|---|---|---|
| $51,304.00 | $11,160.00 | $51,304.00 |